## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| SHERITA DANIELS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO 04-0832-L |
| | ) | |
| MOBILE REGISTER, INC., a/k/a | ) | |
| MOBILE PRESS REGISTER, INC., | ) | |
| | ) | |
| **Defendant.** | ) | |

### ORDER

This matter is before the court on the following: defendant's motion for summary judgment and supporting brief (Docs. 5, 6); plaintiff's brief in opposition (Doc. 17), defendant's reply (Doc. 20) and plaintiff's response to motion for summary judgment and corrected affidavit (Docs. 22, 23) [1]

The parties have previously executed their written consent to the exercise of jurisdiction in this action by a United States Magistrate Judge, in accordance with 28 U.S.C. § 636 (c) and Fed.R.Civ.P. 73, (Doc. 11) and the matter has been referred to the undersigned. (Doc. 12) The court having

---

[1] On May 25, 2005 the undersigned Magistrate Judge entered an order converting defendant's motion to dismiss to a motion for summary judgment and directing plaintiff to submit a corrected affidavit containing an original signature. (Doc. 21) See Griffith v. Wainright, 772 F.2d 822, 825, n. 6 (11th Cir.1985), citing Barker v. Norman, 651 F.2d 1107, 1128-29 & n. 26 (5th Cir. Unit A 1981)(court has an obligation to allow the parties to remedy obvious defects in summary judgment materials)

reviewed the briefs of the parties, along with the evidentiary submissions makes the following finding of

facts and conclusions of law.

## I.   <u>Procedural History</u>

Plaintiff's complaint arises out of her employment with the Mobile Press Register. ("MPR").

On December 30, 2004 plaintiff filed the instant suit against defendants alleging, in sum, during the

course of her employment by defendant she was sexually harassed by another employee of defendant

on five occasions when the employee "rubbed her hands across Plaintiff's buttocks"  (Doc. 1) [2]

Plaintiff contends that she reported each incident to "supervisory personnel of the [defendant]" but that

she was given no assistance in the matter. (<u>Id.</u>)  Plaintiff further alleges that "[d]efendant has a policy of

not assisting female employees when they complain of sexual harassment in the workplace" and seeks

compensatory and punitive damages against defendant for its alleged actions.  (<u>Id.</u>)  Plaintiff further

seeks reinstatement of her position "at full salary and benefits" along with a "a preliminary and

permanent injunction enjoining the Defendant...from maintaining or continuing the policies, practices,

customs, and usages of denying...or otherwise interfering with the Plaintiff's right to equal employment

opportunities without discrimination."  (<u>Id.</u>)

In response to plaintiff's complaint, defendant filed a motion to dismiss (which the court has

now converted to a motion for summary judgment) pursuant to Rule 12 (b)(6) of the Federal Rules of

Civil Procedure, on the grounds, in sum, that (1) plaintiff failed to exhaust her administrative remedies,

(2) that her complaint alleging sexual discrimination is not reasonably related to her EEOC charge

---

[2]  Plaintiff's complaint includes a single count alleging sex discrimination/sexual harassment.
(Doc. 1)

2

alleging race discrimination and (3) that plaintiff's action is time barred because she failed to file her

judicial complaint within ninety (90) days of her receipt of the EEOC's notice of right to sue letter.

(Docs. 5, 6)  On May 13, 2005 plaintiff filed a response in opposition to defendant's motion to dismiss

along with an affidavit in support.  (Doc. 17)  On May 23, 2005, defendant submitted a reply brief with

additional evidentiary submissions.  (Doc. 20)  On May 25, 2005 the court entered an order converting

the defendant's motion to dismiss to a motion for summary judgment and allowing plaintiff ten days in

which to submit any sur-reply along with a "cured" affidavit.  (Doc.  21)  On June 9, 2005 plaintiff

submitted a response to defendant's reply brief, along with a corrected affidavit.  (Docs. 22, 23)  As

set forth in detail below, upon consideration of all matters presented, and after reviewing the record in a

light most favorable to the plaintiff, [3]  the court determines that the defendant's motion for judgment as a

matter of law is due to be **GRANTED.**

## II.    <u>Factual Background</u>

1.      Plaintiff, Sherita Daniels was employed by the defendant from approximately April 25,

1977 until October 22, 2003.  (Doc. 1)

2.      Plaintiff alleges that on five occasions over a nine month period beginning in November

2002, Patricia Dougherty, an employee of defendant in the position of Accounts Payable Supervisor,

"without plaintiff's consent rubbed her hands across plaintiff's buttocks."  (Doc. 1, para. 8) Plaintiff

states that after the incident she complained to both the Assistant Director and the Director of Human

Resources but she was given "no assistance."  (<u>Id.</u> at para. 9)

---

[3]   The Court, when ruling on a motion for summary judgment, "must view all evidence and all factual inferences therefrom in the light most favorable to the non-moving party." <u>Miller v. King</u>, 384 F.3d 1248, 1258-59 (11th Cir.2004) (citations omitted).

3.      On October 8, 2003, plaintiff turned in her resignation and was relieved of her duties on October 10, 2003. [4] (Doc. 1) At the time of her resignation, plaintiff was employed as an Accounts Payable Bookkeeper.  (Id.)

4.      On January 16, 2004 plaintiff sent a letter to the EEOC wherein she outlined the nature of the harassment allegations and requested "assistance in an investigation into the situation because I feel like justice should be done."  (Doc. 1, attachment)

5.      On January 29, 2004 in response to plaintiff's January 16, 2004 letter, the EEOC, wrote plaintiff informing her that "[t]he office has competed [sic] its analysis of your letter...[and] have determined that the facts presented...do not describe a violation of any statute enforced by this commission."  (Doc. 20, Exhibit A) Specifically, plaintiff was advised that the EEOC found that plaintiff's allegations "failed to state a prima facie claim" and that "the harassment [as outlined in her letter] was not so pervasive and severe as to compel the resignation."  (Id.)  Finally, the EEOC instructed plaintiff that   "regardless of the EEOC's assessment of the merits of

your claim, you, nevertheless *have a right to file a*

*charge of discrimination with this agency.*"  "*Should*

*you elect to file a charge* the EEOC would exercise

its statutory and regulatory authority to determine the

scope of its investigation.  Accordingly, we would elect

not to investigate and would take no action other than

_____

[4] Plaintiff asserts that she gave her two weeks notice on October 8, 2003 but was relieved of her duties on October 10, 2003.  (Doc. 1)

immediate dismissal of such a charge for failure to

describe a violation of Federal law. " (Id.) (emphasis

added)

6.      Plaintiff responded to the EEOC's letter on February 21, 2004 as follows:

In receipt of your letter explaining that the nature of my claim was not pervasive and severe, *I am filing a claim of discrimination claim [sic] because I am a African American female and Patricia Dougherty is a white female.*  If it had been myself that had been reported for sexual harassment against a white person; I would have been terminated at that time.

When I reported Patricia Dougherty to human resources for sexual harassment, it was not because she is white it was because she was wrong by touching me inappropriately in the workplace.  I don't know if Patricia Dougherty is bisexual or not, all I know is that I am not bisexual or lesbian and do not choose to be and I do not find the touch of another female amusing.

(Doc. 20, Exhibit B) (emphasis added)

7.      By letter dated March 15, 2004, the EEOC acknowledged receipt of plaintiff's

February 21, 2004 letter as follows:

We are in receipt of your correspondence received in this office whereby you have elected to file a complaint with the EEOC.

In order for the Commission to complete action in this matter, it is necessary that we obtain a perfected charge executed by you under penalty of perjury.  An appropriate charge has been drafted for your signature which satisfies the statutory and procedural requirements for the filing of a charge.

Please date and sign each copy of the enclosed charge of discrimination in the lower left hand corner indicated by the X marks and return it the undersigned within 30 days of the date of this letter.  If the executed charges are not returned within this time, the charge will be administratively closed for lack of a valid charge and no further action will be taken.

(Doc. 20, Exhibit C)

8.      Based on plaintiff's allegations, the EEOC prepared a Charge of Discrimination and forwarded to plaintiff for her signature.  On the charge form under the section entitled "Discrimination Based On" the box labeled "race" has been marked with an "x". [5]  The body of the charge of discrimination states, in full, as follows:

> I was employed with the above named employer from April 25, 1977 to October 22, 2003.  I was sexually harassed by Patricia Dougherty, Accounts Payable Supervisor.  I reported the incidents to Tammy Hall, Assistant Human Resources Director, who in turn reported it to Leigh Stringfellow, Director of Human Resources.  No disciplinary action was taken against Patricia Dougherty, so I turned in my two weeks notice on October 8, 2003, and was relieved of my duties on October 10, 2003.

> I am filing a claim of discrimination because I am an African American female and Patricia Dougherty is a White female.  When I reported Patricia Dougherty to human resources for sexual harassment, it was not because she is White, it was because she was wrong by touching me inappropriately in the work place.  I began to look for employment elsewhere.

> I believe that I have been discriminated against because of my race, Black, which is in violation of Title VII of the Civil Rights Act of 1964, as amended.

(Doc. 1, attachment)

9.      On April 8, 2004, plaintiff signed the charge of discrimination forwarded to her by the EEOC.  (Doc. 1, attachment)   The completed charge bearing plaintiff's signature was received by the EEOC on April 12, 2004.  (Doc. 6, Exhibit E)

10.     On April 20, 2004 the EEOC issued a Notice of Charge of Discrimination which it forwarded to the defendant.  (Doc. 20,  Exhibit E)  The notice advises defendant that a "charge of discrimination has been filed against your organization under Title VII of the Civil Rights Act."  (Id.)

---

[5]  The charge form identifies the following types of discrimination and directs complainants to "check appropriate box(es)": race, color, sex, religion, national origin, retaliation, age, disability, other. (Doc. 1, attachment)

Under the heading  "Circumstances of Alleged Discrimination" the box labeled "race" has been checked.  (Id.)

11.     The EEOC subsequently issued a Dismissal and Notice of Right to Sue.  The notice is signed by an EEOC employee and dated April 21, 2004.  (Doc. 6, Exhibit B)

12.     Plaintiff received the Dismissal and Notice of Right to Sue from the EEOC on October 2, 2004.  (Doc. 1, attachment) [6]

13.     On December 30, 2004 plaintiff filed the instant suit against defendants alleging, in sum, that on five (5) separate occasions during the course of her employment she was subjected to sexual harassment by an employee of the defendant. (Doc. 1)   Specifically, plaintiff alleges that "[o]n or about November 8, 2002, April 1, 2003, April 4, 2003, May 22, 2003 and August 5, 2003, Patricia Doughtery [an employee of defendant] ...without Plaintiff's consent, rubbed her hands across Plaintiff's buttocks."  (Id.)  Plaintiff contends after each of the alleged incidents she reported the conduct to "supervisory personnel of the [defendant]"..." [however] [n]o assistance was given to [her] by Defendant [ ] concerning [the] complaints against Patricia Doughterty."  (Doc. 1)  Plaintiff alleges that "[d]efendant has a policy of not assisting female employees when they complain of sexual harassment in

---

[6]  No explanation has been given by either party for the nearly six (6) month time lapse between the signature date on the Dismissal and Notice of Right to Sue and the date plaintiff contends that she received the notice.  In support of her claim that she received the Notice of Right to Sue on October 2, 2004 plaintiff has attached to her complaint a copy of an envelope from the EEOC addressed to plaintiff and date stamped September 29, 2004. (Doc. 1, attachment) Defendant has not offered any argument in opposition.  For the purposes of defendant's motion for summary judgment, the court takes plaintiff's allegations as true and resolves all reasonable inferences in favor of plaintiff.  The court further notes that while plaintiff's complaint states that she received the Notice of Right to Sue on October 2, 2004, in her affidavit submitted in support of her brief in opposition, plaintiff maintains that she received the notice on October 3, 2004.  (Docs. 1, 22)

7

the workplace." (Id.)  Plaintiff voluntarily resigned her employment on October 8, 2003.

14.    On December 30, 2004 plaintiff filed the instant complaint against defendants alleging claims of sexual harassment and sexual discrimination.  (Doc. 1)

15.    On April 4, 2005, in response to plaintiff's complaint, defendant filed the instant motion to dismiss the complaint pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure on the grounds, in sum, as follows:  (1) plaintiff failed to file a formal charge with the EEOC within 180 days of the last allegedly discriminatory act; (2) plaintiff's complaint alleging sexual harassment is not reasonably related to the untimely charge of discrimination based on race; and (3) the action is time-barred for plaintiff's failure to file the complaint within ninety (90) days of receipt of notice to sue.  (Doc. 6)

## III.    Summary Judgment Standard

In support of their respective briefs on defendant's motion to dismiss the parties have relied on documents outside the pleadings.  While some of the documents referred to by the parties may be considered central to plaintiff's claim such that they could be considered part of the pleadings,  plaintiff has also submitted an affidavit in support of her opposition brief.  Under Rule 12(b)(6), where the Parties have presented "matters outside the pleadings," the court in its discretion may treat a Rule 12(b)(6) motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 12(b), 56; Jones v. Automobile Ins. Co. of Hartford, Conn., 917 F.2d 1528, 1532 (11th Cir.1990).  Accordingly, the court has previously entered an order converting the motion to dismiss to a motion for summary judgment.  (Doc.  21)  See Fed.R.Civ.P. 12(b) [7]; Property

---

[7]    Rule 12(b) contains a conversion clause which provides:

<u>Management & Investments, Inc. v. Lewis,</u> 752 F.2d 599, 604 (11th Cir.1985) ("once the court decides to accept matters outside the pleading, it must convert the motion to dismiss into one for summary judgment").

Summary judgment should be granted only if "there is no issue as to any material fact and the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).[8]  The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial."  <u>Clark v. Coats & Clark, Inc.,</u> 929 F.2d 604, 608 (11th Cir. 1991).  Once the moving party has satisfied its responsibility, the burden then shifts to the nonmovant to show the existence of a genuine issue of material fact.  <u>Id.</u> "If the nonmoving party fails to makes 'a sufficient showing on an essential element of her case with

---

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(b).

[8]  Rule 56(c) of the Federal Rules of Civil Procedure, provides that summary judgment shall  be granted:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).

9

respect to which she has the burden of proof, 'the moving party is entitled to summary judgment." Id.

(quoting Celotex Corp., v. Catrett, 477 U.S. 317 (1986))(footnote omitted).  "In reviewing whether the

nonmoving party has met its burden, the court must stop short of weighing the evidence and making

credibility determination of the truth of the matter.  Instead, the evidence of the non-movant is to be

believed, and all justifiable inferences are to be drawn in his favor."  Tipton v. Bergrohr GMBH-Siegen,

965 F.2d 994, 999 (11th Cir. 1992) cert denied, 507 U.S. 911, 113 S.Ct. 1259, 122 L.Ed. 2d 657

(1993) (internal citations and quotations omitted).  However, the mere existence of any factual dispute

will not automatically necessitate denial of a motion for summary judgment; rather, only factual disputes

that are material preclude entry of summary judgment.  Lofton v. Secretary of Dept. of Children and

Family Services, 358 F.3d 804, 809 (11th Cir. 2004), cert denied, ___U.S.____, 125 S.Ct. 869, 160

L.Ed.2d 825 (2005).

　　　　With this legal framework in mind, the court now turns to the specific grounds upon which

defendant bases its motion for summary judgment.

## IV.　　Failure to Exhaust Administrative Remedies

*Plaintiff's Letters to EEOC*

　　　　Defendant argues that plaintiff has not exhausted her administrative remedies based on *sex*

since she failed to file a formal charge with the EEOC within 180 days of the last allegedly

discriminatory act.  (Doc. 6)  Specifically, defendant argues that despite plaintiff's characterization of

her January 16, 2004 letter to the EEOC as a "charge", it is, in fact, not a charge since it "does not

meet the procedural or statutory requirements of a formal charge of discrimination" since it was not

"verified" nor was it accepted by the EEOC as a charge.  (Id.)

10

Plaintiff's complaint identifies her January 16, 2004 letter to the EEOC as a charge and maintains that thereafter, on April 8, 2004 she "signed a formal charge."  (Doc. 1) Specifically, plaintiff contends that on January 16, 2004, she "filed a charge of sexual harassment with the [EEOC] and on April 8, 2004 signed a formal charge."  (Id.)  In support of her brief in opposition, plaintiff has submitted her affidavit wherein she states, in pertinent part:

> On or about January 16, 2004, I filed charges with the EEOC in Birmingham, AL asserting that I had been sexually harassed by Patricia Doughtery, an employee of the Defendant....I was advised by the EEOC that the complaint was received in its Birmingham office on January 29, 2004.  After reviewing my charges, the EEOC drafted a Charge of Discrimination complaint and forwarded it to me for my signature.

(Doc. 22, Affidavit of Sherita Daniels) However, plaintiff's affidavit fails to mention the correspondence that ensued between plaintiff and the EEOC *after* her January 16, 2004 letter and *before* the EEOC completed the formal charge for her to execute in March 2004. [9]

As a threshold matter, the court must first determine whether plaintiff's correspondence to the EEOC constitutes a "charge".  "Prior to filing a Title VII action ... a plaintiff first must file a charge of discrimination with the EEOC."  Gregory v. Georgia Dep't of Human Resources, 355 F.3d 1277, 1279 (11th Cir.2004).  In order to obtain judicial consideration of a Title VII claim, the EEOC charge must be filed within 180 days after the last alleged unlawful employment practice occurred.  42 U.S.C. § 2000e-5(e)(1).  The purpose of this requirement that a plaintiff exhaust his administrative remedies prior to filing a judicial complaint is twofold.  First, is the belief that the EEOC "should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining

---

[9]  The evidence before the court reflects that plaintiff corresponded with the EEOC on two occasions - January 16, 2004 and February 21, 2004.  (Doc. 6, Exhibit D; Doc. 20, Exhibit B)

voluntary compliance and promoting conciliation efforts."Gregory, 355 F.3d at 1279.  Secondly, and

equally important, is that the charge requirement serves to notify the employer of the allegations made

against it.  Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1319 (11th Cir.2001). See also Bost v.

Federal Express Corp., 372 F.3d 1233, 1238-39 (11th Cir. 2004) (ADEA)("The filing of a charge of

discrimination with the EEOC initiates 'an integrated, multi-step enforcement procedure' that enables

the EEOC to detect and remedy various discriminatory employment practices" including the following

steps: "(1) prompt notice from the EEOC to the employer that a charge has been filed; and (2)

investigation of the charge by the EEOC.")

The EEOC regulations state that "[a] charge shall be in writing and signed and shall be verified"

and should contain the following information: "(1) the full name, address, and telephone number of the

person making the charge ...; (2) The full name and address of the person against whom the charge is

made, if known ...; (3) A clear and concise statement of the facts, including pertinent dates, constituting

the alleged unlawful employment practices ...; (4) If known, the approximate number of employees of

the respondent employer ...; and (5) A statement disclosing whether proceedings involving the alleged

unlawful employment practice have been commenced before a state or local agency charged with the

enforcement of fair employment practice laws and, if so, the date of such commencement and the name

of the agency."  29 C.F.R. § 1601.9; 29 C.F.R. § 1601.12(a).  "Notwithstanding [the general rule], a

charge is sufficient when the [EEOC] receives from the person making the charge a written statement

sufficiently precise to identify the parties, and to describe generally the action or practices complained

of." Id. at § 1601.12(b).

Courts have grappled with the issue of what constitutes a "charge" for purposes of the EEOC.

The determination of whether a document, *other* than a verified charge form, constitutes a "charge" sufficient to satisfy the exhaustion requirement, focuses on a common theme- - the nature of the information provided in the document and whether the EEOC treated the document in question as a "charge" and acted accordingly.  See  Bost v. Federal Express Corp., 372 F. 3d at 1240-41 (intake questionnaire, which the EEOC did not treat as a charge of discrimination, did not constitute an EEOC charge); Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1319 (11th Cir.2001) (verified intake questionnaire *may* constitute a charge in limited instances); Moore v. Alabama State Univ., 945 F.Supp. 235, 239-240 (M.D.Ala.1996) (letter to EEOC constituted proper charge, court specifically noted that "the EEOC stated in its January 22, 1996 letter to Plaintiff that she 'filed [her] charge on March 29, 1994' "); Brook v. City of Montgomery, Ala., 916 F.Supp. 1193, 1202 (M.D.Ala.,1996) (ADEA) (Two-page, type-written letter to the EEOC which was treated as a charge by the EEOC fulfilled the requirements of 29 C.F.R. § 1626.8(b)).

In Malone v. K-Mart Corp., 51 F.Supp.2d 1287, 1299 (M.D.Ala.,1999), the district court for the Middle District of Alabama held that a plaintiff's letter to the EEOC, together with attachments, constituted an EEOC charge.  The court reasoned that the letter satisfied the requirements of 29 C.F.R. § 1601.12, conveyed plaintiff's present intent to file an EEOC charge, and was treated as a charge by the EEOC.  Id.  Similarly, in Wilkerson v. Grinnell Corp.,  the Eleventh Circuit Court of Appeals held that a verified intake questionnaire that included the basic information suggested by the EEOC may constitute a charge for purposes of the statute of limitations "when the circumstances of the case would convince a reasonable person that the charging party manifested her intent to activate the administrative process." 270 F.3d at 1321.

13

In the present case, plaintiff's January 16, 2004 letter to the EEOC identified defendant as her employer, identified the alleged harasser and included a description of the harassment. However, the letter was not verified. While the letter did not contain *all* of the information required under 29 C.F.R. § 1601.9; 29 C.F.R. § 1601.12, it was arguably sufficient. [10] However, the correspondence that transpired between the EEOC and plaintiff reveals that the EEOC did not consider plaintiff's January 16, 2004 letter to be a formal charge and it was not treated as such by the agency. (Doc. 20, Exhibit A) The EEOC did not draft a formal charge for plaintiff to execute based on the allegations contained in the January 2004 letter, nor is there any evidence that the EEOC notified plaintiff's employer of the allegations contained therein. See Bost v. Federal Express Corp., 372 F. 3d at 1240 (ADEA)("There is no evidence in the record that the EEOC did anything in response to Bost's intake questionnaire and affidavit. The EEOC did not send a notice of a charge ... Instead, the EEOC sent notice of a charge of discrimination only after Bost filed his formal charge....") Rather, the EEOC informed plaintiff that it did not believe the allegations contained in the letter stated a claim and advised that if she chose to file a charge based on *those* allegations the agency would issue an immediate dismissal. (Doc. 20, Exhibit A) Plaintiff then submitted a *second* letter on February 21, 2004 wherein she acknowledges the EEOC's evaluation of her January letter indicating that the basis of her claim was, in fact, race discrimination. (Doc. 20, Exhibit B) After receiving this second letter from plaintiff, the EEOC drafted a formal charge based on plaintiff's claim of racial discrimination and returned it to plaintiff for her signature. (Doc. 20, Exhibit C)

There is no evidence before the court that the EEOC considered plaintiff's January 2004 letter

---

[10] For example, plaintiff did not include her telephone number or the address of the defendant.

to be a charge.  Rather, the record supports a contrary interpretation.  After reviewing the January

2004 letter, the agency advised plaintiff that her allegations were insufficient and if she elected to file a

charge based on *those* allegations the EEOC would issue an immediate dismissal.  No other action was

taken by the EEOC in response to plaintiff's January 2004 letter.    Accordingly, the court finds that

plaintiff's January 2004 letter to the EEOC does not constitute a formal charge.  However, the court

reaches the opposite conclusion with respect to plaintiff's February 2004 letter wherein plaintiff alleges,

for the first time, that her complaints are based on race.  (Doc.  20, Exhibit B) In response to plaintiff's

second letter, the EEOC drafted a Charge of Discrimination which was forward to plaintiff for her

signature.  (Doc. 20, Exhibits C, D)  Moreover, in the March 15, 2004 transmittal letter to plaintiff, the

EEOC stated: "We are in receipt of your correspondence received in this office whereby *you have*

*elected to file a complaint with EEOC.*"  (Doc. 20, Exhibit C) (emphasis added).  Plaintiff was

advised that the enclosed charge "satisfies the statutory and procedural requirements for the filing of a

charge" and plaintiff was instructed to sign and date the charge and "return it to the [EEOC] within 30

days of the date of this letter."  (Id.)  Upon receipt of the executed charge the EEOC then notified

defendant of the charge and issued a Dismissal and Notice of Right to Sue.  (Doc. 20, Exhibit E; Doc.

6, Exhibit B)  Thus, in light of the correspondence that transpired between plaintiff and the EEOC , the

court finds that plaintiff's February 2004 letter was treated as a complaint by the EEOC. [11]   The

---

[11]  Plaintiff argues that her January 2004 letter was a "charge" and that any deficiencies were
subsequently "cured" when she signed the formal charge of discrimination prepared by the EEOC.
(Doc. 17) However, plaintiff does not make this argument with regard to her February 2004 letter.  In
fact, plaintiff first acknowledges the February 2004 letter in her sur-reply wherein she states: "In
Plaintiff's 2/21/04 letter to the EEOC, Plaintiff informed EEOC that her charges against Patricia
Dougherty were based on the fact that she had been sexually harassed by her, and not because she was

defect in the letter - namely the lack of verification, was "cured" when plaintiff signed and returned the "perfected" charge to the EEOC pursuant to the agency's instructions.  See Moore v. Alabama State University, 945 F.Supp. at 240. [12]

*Timeliness of Charge*

Having determined that plaintiff's February 2004 letter constitutes a charge, the court now turns to the timeliness issue.  It is undisputed that plaintiff tendered her resignation on October 8, 2003.  Plaintiff maintains that she gave two weeks notice in her resignation but that she was "relieved" of her duties on October 10, 2003.  (Doc.1)   Defendant argues that the date of the last discriminatory act would be the date plaintiff tendered her resignation and not her last day of employment.  (Doc. 6, p. 5)

---

white."  (Doc. 22) While the court is mindful that its function is not to be an advocate on behalf of either *represented* party in this action, it would be remiss if it failed to consider all the evidence presently before it on defendant's motion for summary judgment.

The EEOC regulations provide that a charge may be amended to cure any technical defects or omissions.  28 C.F.R. §1601.12(b) provides, in relevant part, that:

> A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received. A charge that has been so amended shall not be required to be redeferred.

29 C.F.R. § 1601.12(b).

[12]   The Code of Federal Regulations provides that " 'a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of.' " Edelman, 535 U.S. at ---- n. 2, 122 S.Ct. at 1148 n. 2 (quoting 29 C.F.R. § 1601.12(b) (1997)). An unverified but otherwise valid charge may be verified after the time for filing a charge has expired. Id. at 1151-52.

Plaintiff's formal EEOC charge indicates that the last allegedly discriminatory act occurred on October 10, 2003.  (Doc. 20, Exhibit D)

In order to be considered timely, plaintiff's discrimination charge needed to be filed within 180 days of the last allegedly discriminatory act.  Assuming October 10, 2003 was the date of the last allegedly discriminatory act, plaintiff's charge would need to be filed on or before April 8, 2004 in order to be deemed timely.  [13]  The court finds that plaintiff's February 2004 letter constituted a Charge of Discrimination and the verified Charge received by the EEOC on April 12, 2004 relates back to the date of the February 2004 letter. See 29 C.F.R. § 1601.12(b).  Montgomery v. Atlanta Family Restaurants, Inc., 752 F.Supp. 1575, 1580 (N.D. Ga. 1990)(holding that plaintiff's attorney's letter which manifested an intent to activate Title VII's machinery constituted a charge of discrimination which was timely filed and therefore, the charge subsequently signed by plaintiff relates back to the date of the original charge) Thus, the court need not reach the issue of whether the limitations period began to run on the date plaintiff tendered her resignation or on the last day of her employment.  Accordingly, plaintiff's charge of discrimination filed on February 21, 2004 was filed well within the 180 day time period.

## V.      **Reasonably Related**

Having concluded that plaintiff's EEOC charge was timely filed, the court now addresses the issue of whether the EEOC charge signed by plaintiff on April 8, 2004 and received in the offices of the

---

[13]  The court need not address defendant's argument that the 180 day period began running on the date plaintiff tendered her resignation since the court has concluded *infra* that a valid charge was filed in February 2004.

EEOC on April 12, 2004, is reasonably related to the claim of sexual harassment alleged in plaintiff's judicial complaint.

Defendant argues that plaintiff failed to exhaust her administrative remedies as to her sexual harassment claims since her EEOC charge identifies her claim as being based solely on race. Specifically, defendant argues that plaintiff's EEOC charge alleges a claim "solely [for] race discrimination" and "[plaintiff's] complaint makes claims of sex discrimination and sexual harassment that are not reasonably related to the allegations of race discrimination made in her April 12, 2004 EEOC charge." (Doc. 6, p. 8)

Plaintiff argues that "at all relevant time [she] was of the opinion she had filed a charge of sexual harassment." (Doc. 22)   While plaintiff does not contest the fact that she read and signed the charge form prepared by the EEOC, she maintains that "she would have sought to amend the complaint form if she had know the information placed on it by the EEOC was not in support of a sexual harassment charge." (Doc. 17)   Notwithstanding the correspondence between plaintiff and the EEOC she argues that she "has labored under the honest belief she had filed a sexual harassment claim, and that she had exhausted her administrative remedies pertaining to same." (Doc. 22) [14]

---

[14]   It is unclear whether plaintiff was proceeding *pro se* at the time she was corresponding with the EEOC.  Regardless of her status, plaintiff may not absolve herself of any responsibility regarding the content of the EEOC complaint.  Plaintiff's correspondence with the EEOC in January and February indicates that she has an understanding of the process and of her rights under the discrimination statutes. See McNight v. Dormitory Auth., 995 F.Supp. 70, 77 n. 2 (N.D.N.Y.1998)(the court did not include as part of the charge allegations contained in a letter plaintiff presented to the state human rights agency intake officer, who allegedly used the letter to draft the charge signed by plaintiff. The court reasoned plaintiff presumably read the charge and concluded even an unrepresented person should have amended the charge to make it accurate before signing it.)

While a plaintiff's complaint is generally "limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination" the Eleventh Circuit has held that courts must be "extremely reluctant to allow procedural technicalities to bar claims brought under [Title VII]." Gregory, 355 F.3d at 1280 (internal citation omitted). "Charges filed with the EEOC must be liberally construed because they are made by persons who are unfamiliar with the technicalities of formal pleadings and who usually do not have the assistance of an attorney." Tillman v. City of Boaz, 548 F.2d 592, 593 (5th Cir.1977) [15]

The Eleventh Circuit Court of Appeals has held that "[a] plaintiff's charge filed with the EEOC need not be identical to the subsequently filed judicial action." See Wu v. Thomas, 863 F.2d 1543, 1547 (11th Cir.1989); Liberti v. Walt Disney World Co., 912 F.Supp. 1494, 1502 (M.D.Fla.1995). "As long as the allegations in the judicial complaint and proof are "reasonably related" to charges in the administrative filing and "no material differences" between them exist, the court will entertain them....[j]udicial claims which serve to amplify, clarify, or more clearly focus earlier EEO complaints are appropriate. Allegations of new acts of discrimination, offered as the essential basis for the requested judicial review [are] not appropriate." Wu, 863 F.2d at 1547 (quoting Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir.1970)). A claim is deemed to be reasonably related to an underlying EEOC charge of discrimination when the allegations fit within any of the following categories: (1) the claim was expressly raised in the pleadings before the EEOC's administrative law judge; (2) the claim

---

[15]   Decisions of the former Fifth Circuit rendered prior to October 1, 1981 constitute binding authority in the Eleventh Circuit. See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

might reasonably be expected to be considered in a diligent investigation of those issues expressly raised in the EEOC charge; or, (3) the claim was in fact considered during the EEOC investigation. Griffin v. Carlin, 755 F.2d 1516, 1522 (11th Cir.1985).

In her sur-reply, plaintiff acknowledges, for the first time, her additional correspondence with the EEOC. [16]  Plaintiff contends that in her February 21, 2004 letter to the EEOC she "informed EEOC that her charges against Patricia Dougherty were based on the fact that she had been sexually harassed by her, and not because she was white."  (Doc. 22) While plaintiff's February 2004 letter to the EEOC does discuss the sexual harassment allegations, plaintiff also acknowledges receiving the "letter [from the EEOC] explaining that the nature of my claim was not pervasive and severe" and states that she is "*filing a claim of discrimination claim [sic] because I am a African American female and Patricia Dougherty is a white female.*  If it had been myself that had been reported for sexual harassment against a white person; I would have been terminated at that time." (Doc. 20, Exhibit B) (emphasis added) A reasonable interpretation of plaintiff's letter is that, upon learning that the EEOC found no merit in her sexual harassment allegations, she resubmitted her allegations and changed her theory of discrimination to one based on race.

After receiving plaintiff's February 21, 2004 letter, the EEOC drafted the following charge which was forwarded to plaintiff for her signature: [17]

I was employed with the above named employer from April 25, 1977 to October 22,

---

[16] The February 21, 2004 letter from plaintiff to the EEOC was submitted by defendant in support of its reply brief filed with the court on May 23, 2005.  (Doc. 20, Exhibit B)

[17]  The charge drafted by the EEOC incorporates information contained in both of plaintiff's letters to the EEOC in January 2004 and February 2004.

2003.  I was sexually harassed by Patricia Dougherty, Accounts Payable Supervisor.  I reported the incidents to Tammy Hall, Assistant Human Resources Director, who in turn reported it to Leigh Stringfellow, Direct of Human Resources.  No disciplinary action was taken against Patricia Dougherty, so I turned in my two weeks notice on October 8, 2003, and was relieved of my duties on October 10, 2003.

I am filing a claim of discrimination because I am an African American female and Patricia Dougherty is a White female.  When I reported Patricia Dougherty to human resources for sexual harassment, it was not because she is White, it was because she was wrong by touching me inappropriately in the work place.  I began to look for employment elsewhere.

I believe that I have been discriminated against because of my race, Black, which is a violation of Title VII of the Civil Rights Act of 1964, as amended.

(Doc. 1, attachment)  On the charge form under the section entitled "Discrimination Based On" the box labeled "race" has been marked with an "x". (Id.) [18]

Plaintiff signed the charge as drafted and returned it to the EEOC.  Upon receiving plaintiff's perfected charge, the EEOC issued a Notice of Charge of Discrimination to defendant and issued a Dismissal and Notice of Right to Sue to plaintiff.  (Doc. 20, Exhibit E; Doc. 6, Exhibit B)  After receiving a Notice of Right to Sue, plaintiff filed a judicial complaint against defendants alleging a claims of sexual harassment.  The complaint alleges, in pertinent part, as follows:

8.    On or about November 8, 2002, April 1, 2003, April 4, 2003, May 22, 2003 and August 5, 2003, Patricia Dougherty, at all relevant times employed by Defendant

---

[18]  The court is mindful that "the failure to place a check mark in the correct box is [not] a fatal error [and] [i]n the context of Title VII, no one--not even the unschooled-- should be boxed out." Sanchez v. Standard Brands, Inc., 431 F.2d 455 at 463.  Accordingly, the court's conclusion regarding the scope of plaintiff's EEOC complaint does not hinge on this technicality, but, rather, is based on the context of the correspondence that transpired between plaintiff and the EEOC, the Charge of Discrimination, the Notice of Discrimination and the Dismissal and Notice of Right to Sue.

Mobile Register as an Accounts Payable Supervisor, without Plaintiff's consent, rubbed her hands across Plaintiff's buttocks.

9.     After each said unconsented to touching by Patricia Dougherty, Plaintiff complained to supervisory personnel of the Defendant Mobile Register, in particular to Tami Hall, Assistant Human Resources Director for the Defendant Mobile Register and to Leigh Stringfellow, Director of Human Resources for the Defendant Mobile Register. No assistance was given to Plaintiff by Defendant Mobile Register concerning Plaintiff's complaints against Patricia Doughtery.

10.    As a direct an proximate result of being sexually harassed by Patricia Dougherty, and the Defendant Mobile Register having provided no assistance to Plaintiff concerning her complaints, on or about October 8, 2003 Plaintiff turned in her resignation and was relieved of her duties at Defendant Mobile Register October 10, 2003.

(Doc. 1)

Defendant argues that plaintiff's EEOC charge "would not have prompted the EEOC to investigate claims that MPR allegedly engaged in sex discrimination and sexual harassment of all of its female employees."  (Doc. 6 , p. 10)  While the EEOC charge does include some information relating to the alleged sexual harassment, it states *unequivocally* that it is based on race.  (Doc. 20, Exhibit D) Moreover, the Notice of Charge of Discrimination issued by the EEOC advises defendant that a "charge of discrimination has been filed against your organization under Title VII of the Civil Rights Act."  (Doc. 20,  Exhibit E)  Under the heading  "Circumstances of Alleged Discrimination" the box labeled "race" has been checked.  (Id.) [19]

In the present case, there is no reason to believe that conduct constituting sexual harassment would have fallen within the scope of the investigation of plaintiff's charge of race discrimination.  Thus, the court finds that plaintiff's sexual harassment allegations are not reasonably related to the EEOC

--------

[19] See ftnt. 17.

charge alleging race discrimination.  <u>See  Terrell v. McGuire</u>, 2003 WL 22213132 (D.Kan., August

27, 2003)(unexhausted sexual harassment claim is not reasonably related to plaintiff's claim of race

discrimination); <u>Crawford v. Bank of America</u>, 986 F.Supp. 506, 508 (N.D.Ill., 1997) (finding

allegation of race discrimination not like or reasonably related to sexual harassment); <u>Lee v. Junior

College Dist</u>., 1995 WL 363723 (E.D. Mo. Mar 08, 1995), <u>aff'd</u> 91 F.3d 148 (8th Cir. 1996)(Table)

(same).  The court's finding is bolstered by the correspondence that transpired between plaintiff and the

EEOC.  The EEOC had previously addressed plaintiff's sexual harassment allegations advising that the

agency had read her allegations and concluded that she failed to present a prima facie case.  While the

EEOC advised plaintiff of her right to file a complaint based on those claims, she was told that if she

chose to do so, the agency would issue and immediate dismissal.  (Doc. 6, Exhibit A)   Plaintiff then

submitted a second letter to the EEOC wherein she predicated her allegations on race.  After receiving

this second letter, the EEOC then drafted a charge based on plaintiff's allegations of racial

discrimination.

Because of the significant discrepancy in theory between plaintiff's EEOC charge and her

complaint in district court, the Court concludes that the claim in plaintiff's district court complaint is not

"like or related" to the claim alleged in her EEOC charge.  Plaintiff's claim of sexual harassment is

beyond the scope of her EEOC charge.  Since plaintiff failed to exhaust the required administrative

procedures for a sexual harassment claim, and as her time for filing an EEOC charge for that claim has

expired, the Court finds that summary judgment is due to be granted in favor of the defendant.

## **CONCLUSION**

In the final analysis, the court finds that plaintiff has failed to exhaust her administrative remedies

relating to the sexual harassment claim contained in her complaint and therefore, the court lacks subject

matter jurisdiction over her claim of sexual harassment.  Accordingly, defendant's motion for summary

judgment is **GRANTED.**

      **DONE and ORDERED** this the <u>24th</u> of June 2005.

<div style="margin-left:40%">

<u>/s/ Kristi D. Lee    </u>
**KRISTI D. LEE**
**UNITED STATES MAGISTRATE JUDGE**

</div>